UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL LANNAN and ANN WINN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEVY & WHITE and ROBERT R. WHITE, ESQ.,<br><br>Defendants. | Case No. 14-13866<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.   This action seeks class-wide relief for unlawful, unfair and deceptive debt collection practices committed by the debt collection firm Levy & White and collection attorney Robert White in Massachusetts. The Defendants are engaged in a high volume debt collection practice that includes filing hundreds if not thousands of collection actions in the Lowell District and Small Claims Courts.

2.   In violation of Massachusetts law, the Defendants add prejudgment interest to the lump sum amount they sue for in Small Claims Court. Massachusetts Uniform Small Claims Rule 2(a) explicitly prohibits parties from including prejudgment interest in the amount sought as damages in a Small Claims complaint.

3.   In addition, the prejudgment interest Defendants add to the amounts they sue for runs from the date the alleged debt is incurred, rather than from the date of demand, as Massachusetts law requires. M.G.L. c. 231 § 6C.

4. As a result of these two practices, Defendants are seeking and collecting interest on interest, and interest for a time period for which they are prohibited from charging or collecting.

5. The Defendants' actions violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6. Massachusetts law also prohibits unfair and deceptive debt collection practices, M.G.L. c. 93 § 49.

## VENUE AND JURISDICTION

7. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists of the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue in this district is proper because Defendants transact business here and the conduct complained of occurred here.

## PARTIES

9. Plaintiff Carol Lannan is a resident of Lowell, Massachusetts.

10. Plaintiff Ann Winn is a resident of Chelmsford, Massachusetts.

11. Defendant Robert White has been a member of the Bar of Massachusetts since July 11, 1973 and is a partner at Levy & White.

12. Defendant Levy & White is a law firm located at 20 Williams Street, Lowell, Massachusetts.

13. Defendants use the mails and telephone system in conducting their business.

14. Defendant Robert White is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), and Massachusetts law.

15. Defendant Levy & White is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), and Massachusetts law.

16. Both Defendants' principal business purpose is the collection of debts, and Defendants regularly attempt to collect debts alleged to be due another.

### FACTUAL ALLEGATIONS RELATING TO MS. LANNAN

17. In October 2011, Carol Lannan first received an invoice demanding payment from Trinity EMS dated October 14, 2011, in the amount of $700.00, which included a $753.00 write off. A copy of the invoice is attached as Exhibit A.

18. The bill was for an ambulance transport on May 25, 2011 for Ms. Lannan.

19. In January 2012, Ms. Lannan received a collection letter from Stevens Business Service dated January 6, 2012, demanding payment of $1,453.00 for said transport.

20. On October 15, 2013, Robert R. White, Esq. and Levy & White filed a small claims complaint on behalf of Trinity EMS, Inc., seeking $1,863.82 in damages. [Docket No. 1311SC002958]. A copy of the complaint is attached as Exhibit B.

21. This amount apparently included prejudgment interest at a rate of approximately 12% from *prior to* the date Ms. Lannan was first invoiced for the ambulance services.

22. On February 24, 2014, a judgment was entered in favor of Trinity in the amount of $1,994.76. The judgment amount included $1,863.82 in Single Damages, $80.94 in Prejudgment Interest computed from the date of the filing of the complaint, and $50.00 in Court Costs. A copy of the judgment is attached as Exhibit C.

23. In total, Ms. Lannan was assessed $490.91 prejudgment interest, some of which was interest on prejudgment interest.

24. Under M.G.L. c. 231 § 6C, the most prejudgment interest Defendants could arguably seek is $450.58 (12% per annum from the date of demand, October 14, 2011, to the date of judgment, February 24, 2014).

## FACTUAL ALLEGATIONS RELATING TO MS. WINN

25. On February 19, 2014, Robert R. White, Esq. and Levy & White filed a small claims complaint on behalf of Trinity EMS, Inc. for $2,000.00 against Ms. Winn [Docket No. 1411SC000660]. A copy of the complaint is attached as Exhibit D.

26. The debt was allegedly for an ambulance transport on May 15, 2011 for Ms. Winn's minor dependent.

27. Shortly after the ambulance transport in 2011, Ms. Winn received an invoice from Trinity EMS in the amount of $1,592.50.

28. Ms. Winn called Trinity and explained that the police ordered the transport over her objection. She sent a copy of the police report to Trinity and was subsequently told that she did not have to pay the invoice because of how the police coded it.

29. The amount sought in the small claims case includes prejudgment interest of 12% from the date of ambulance service. *See* Plaintiff's Answer to Defendant's Alleged Counterclaims, dated June 20, 2014, Small Claims Session, District Court, Lowell Division, Docket No. 1411SC660.

## FACTUAL ALLEGATIONS RELATING TO DEFENDANTS' PRACTICES IN GENERAL

30. Defendants regularly collect alleged debts from individuals who reside in Massachusetts.

31. The alleged debts are incurred for personal, family or household purposes. These include medical and other types of debts.

32. When Defendants file collection actions, they include in the amount sought in the Statement of Claim prejudgment interest from the date the debt is allegedly incurred. For example, for a medical debt, the Defendants calculate and add interest from the date medical services are provided.

33. Massachusetts law authorizes prejudgment interest from the date of demand, at the earliest. M.G.L. c. 231 § 6C.

34. The date of service is not the date of demand or breach.

35. Massachusetts Uniform Small Claims Rule 2(a) provides that the Statement of Claim must specifically state the total amount sought, "exclusive of any prejudgment interest being sought from the court pursuant to G.L. c. 231, §§ 6B or 6C."

36. Upon entry of a default, Defendants request prejudgment interest on the amount sued for, which already includes prejudgment interest, in violation of Rule 2(a), thus unlawfully seeking interest on interest.

37. These actions harm Massachusetts consumers because they misrepresent the amount of the alleged debts, and they subject consumers to the collection of inflated interest amounts resulting in inflated balances.

## CLASS ALLEGATIONS

38. Plaintiffs bring this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

39. The class consists of all individuals in Massachusetts who, in the year preceding the filing of this complaint, were sued or served with a complaint (a) where Defendants added prejudgment interest to the alleged debt for a period prior to the date of demand, or (b) as to whose alleged debt Defendants included prejudgment interest in the total amount claimed in a Small Claims Statement of Claim.

40. The class is so numerous that joinder of all members is not practicable.

41. On information and belief, there are hundreds if not thousands of class members.

42. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

   a. Whether a debt collector can add prejudgment interest dating from the date an alleged debt is incurred;

   b. Whether a debt collector can include undifferentiated prejudgment interest in the total amount sued for in a Small Claims Statement of Claim;

   c. Whether prejudgment interest on a demand which includes prejudgment interest constitutes unlawful interest on interest;

   d. Whether Defendants' conduct violates the FDCPA.

43. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

44. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

45. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FDCPA

46. The addition of unauthorized interest to alleged debts is both a deceptive collection practice, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

47. As a result of Defendants' violations of the FDCPA, Plaintiffs and the class are entitled to actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(1), (2)(A), in an amount to be determined at trial by a jury; and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II – DECLARATORY AND EQUITABLE RELIEF

48. Defendants regularly (a) add unauthorized interest to debts (b) and demand payment of such unauthorized interest.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and the class and against Defendants for:

(1) Statutory damages;

(2) Actual damages equal to any unauthorized interest paid;

(3) Attorneys' fees, litigation expenses and costs of suit;

(4) Compensatory, nominal and punitive damages;

(5) A declaration that Defendants may not add interest to a debt for a period prior to the date of demand or breach, and may not include prejudgment interest in the amount sought in a Small Claims Statement of Claim;

(6) An injunction prohibiting Defendants from demanding such;

(7) Such other and further relief as is appropriate.

## TRIAL BY JURY IS DEMANDED

Date: October 15, 2014

Respectfully submitted
**Plaintiffs,**
By their attorneys:


*/s/ Elizabeth Ryan*
Elizabeth Ryan (BBO # 549632)
John Roddy (BBO # 424240)
Bailey & Glasser LLP
125 Summer Street, Suite 1030
Boston, MA 02110
(617) 439-6730
(617) 951-3954 (facsimile)
eryan@baileyglasser.com
jroddy@baileyglasser.com

Charles M. Delbaum (BBO # 543225)
Arielle Cohen (BBO # 686621)
April Kuehnhoff (BBO # 676230)
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, Massachusetts 02110
(617) 542-8010
(617) 542-8028 (facsimile)
cdelbaum@nclc.org
ariellecohen@nclc.org
akuehnhoff@nclc.org

Glenna Goldis (BBO # 601015)
Northeast Justice Center
79 Merrimack Street, #302
Lowell, MA 01852
(978) 888-0019
(978) 323-0124 (facsimile)
ggoldis@njc-ma.org