UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No: 1:14-cv-13866

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
Carol Lannon and Ann Winn on           )
 Plaintiffs                            )
                                       )
v.                                     )
                                       )
Levy & White and Robert R. White, Esq. )
Defendants.                            )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)

AFFIDAVIT OF DEFENDANT ROBERT R. WHITE
IN SUPPORT OF MOTION TO DISMISS
AND SUMMARY
JUDGMENT

I, Robert R. White, Esquire, being duly sworn do on my oath depose and say as follows:

1. I am have been and remain an attorney in good standing with the bar of the Commonwealth of Massachusetts since July 11, 1973.

2. I am the defendant attorney in the above entitled action doing business as the law firm of Levy and White.  Levy & White is a sole proprietorship.  I am the only attorney in the firm.  My former associate, Wallace H. Levy, Esq., was deceased at all material times hereto.  My address is 20 Williams Street, Lowell, MA, 01852

3. No separate legal entity by the name of Levy and White exists or existed at the time of that this action was commenced.

**Carol Lannan Matter**

4. I commenced the small claims action against the plaintiff Carol Lannan alleged in paragraph 20 of the Complaint, and the First Amended Complaint not on October 15, 2013 as the body of the complaint alleges but instead on October 2, 2013 as my dated signature on the small

claims complaint shows in Exhibit B to the original class action complaint.  See also Exhibit 1 of this affidavit.

     5.  At the time that I filed the small claims action in the Lannon matter, the Lowell District Court staff was about two weeks behind due to budget constraints and staffing shortages and did not process the complaint into its system until October 15, 2013.

     6.  The original complaint in this matter was filed on October 15, 2014 more than one year after October 2, 2013 the date that the complaint was actually signed and filed.

     7.  The sole factual basis alleged which the original complaint alleged in this matter as to Carol Lannon was my act of filing the small claims action in violation of Massachusetts Small Claims Rule 2 but the First Amended Complaint in the instant action incorrectly states the filing date of the Lannan small claims action as October 15, 2013.

     8.  The original complaint in this matter failed to allege when Carol Lannon was served with the said small claims action.

     9.  Under the Massachusetts uniform small claims procedure, the court serves all defendants in small claims matters. and did so with respect to Lannan.

     10.  According to the Notice of Next Event dated October 15, 2015 in the underlying Carol Lannon case, (See Exhibit 2) the court served the defendant on or about October 15, 2013 and notified Lannan of the trial date.

     11.  Not until on or about December 22, 2014, did the plaintiffs amend their complaint to allege for the first time that service by the court was accomplished "On information and belief, service of the complaint occurred on or after October 15, 2013."  (First Amended Complaint, (#9) ¶ 21)

     12.  At no time did I or anyone associated with my office mail, serve or attempt to serve

the plaintiff Carol Lannan a copy of the said small claims complaint or any other communication after I filed the subject small claims statement of damages on October 2, 2015.

13. Upon information or belief, the small claims complaint was mailed to Carol Lannon on or about October 15, 2013.

14. The subject action was reached for hearing on February 24, 2014 and Lannan appeared *pro se*.

15. As with all debtors, I had an initial conference with Lannan to see of we could reach some type of agreement. During this communication with the debtor, I observed a person come up immediately behind us and lean herself into the conversation.

16. During my conversation, this person started interjecting herself into the conversation and started giving advice to Lannan which included the advice that Lannan should not make an agreement but should proceed to a hearing and that this person would represent her as she identified herself to be an attorney.

17. I asked Lannan if this person represented her to which the debtor responded no. I then requested the person to not interject and to cease her solicitation of clients. She refused.

18. The clerk magistrate in charge of the session had been making observations of this person and approached the table where I and Lannan were sitting and inquired what was going on. Upon being advised of this persons conduct and solicitation of clients, the person was asked to cease and desist her conduct but she refused. She was eventually ordered by the clerk magistrate to vacate the courtroom but again refused and even after a warning by the court officer was eventually removed and taken before a judge.

19. I later inquired and found the identity of the person to be Glenna Goldis, Esq. from the :Northeast Justice Center.

20. After removal of Goldis and while waiting for the hearing to be held on Lannan's matter, I was again approached by Lannan who now espoused that she did not want a hearing but wanted to enter into an agreement for judgement and a payment plan. I advised Lannan that she should wait for her hearing and asked her to be seated.

21. Lannan again approached me on two more occasions alleging she did not want a hearing. On the third occasion after advising Lannan that she had an absolute right to a hearing and that the clerk magistrate would determine the damages, Lannan again confirmed that she did not want a hearing.

22. I prepared an agreement for judgment with the payment plan suggested by Lannan. I gave no advice to Lannan. I went over the terms of the agreement and the payment plan with Lannan and she signed the same. (See Exhibit 3: Agreement for Judgment, incorporated herein by reference.)

23. After executing the agreement for judgment and payment plan, I observed Lannan present the same to a court clerk for approval. While I do not normally pay attention to specific cases in front of the clerk, because of the altercation earlier, I observed and heard the clerk ask Lannan if she voluntarily signed the agreement and if she voluntarily entered into the payment plan and she answered in the affirmative to both questions. She was given a copy of the agreement and payment plan and she left.

24. No motion to alter or amend the subject judgment was ever filed.

25. Other than making payments no other communications were received from Lannan nor anyone purporting to represent her with respect to the validity of the judgment.

26. Lannan made a number of payments and eventually paid the claim and it was reported to the Court as satisfied.

27. Upon information and belief, Lannan did not solicit counsel to represent her in the subject action but instead was again solicited by Attorney Goldis.

28. Upon information and belief, the subject action was brought merely to harass me in retribution for the aforementioned acts and practices of Goldis. I believe such to be a violation of F.R.C.P. 11 and 15 USC 1692K(3).

**Ann Winn Matter**

29. I was the attorney of record for the plaintiff in the state court action, small claims action number 1411SC0660, *Trinity EMS, Inc. v. Ann Winn*, filed in the Lowell District Court.

30. In that action, Winn filed a counterclaim against the plaintiff, Trinity EMS, Inc., alleging substantially the same facts as alleged in this action.

31. At all material times, Trinity EMS, Inc. was a creditor not a debt collector and therefore as a creditor is not subject to the provisions of the Fair Debt Collections Practices Act.

32. Under the Massachusetts Rules of Civil Procedure, I was a necessary party to the counterclaim filed by Winn.

33. At no time did Winn name me as a defendant in that action.

34. A true and accurate copy of the complaint, answer and counterclaim, and answer to counterclaim, is hereto annexed and incorporated herein by reference collectively as Exhibit 4.

35. Upon motion of Winn, the small claims matter was transferred to the regular civil docket of the Lowell District Court and assigned a new docket number 1411CV0983.

36. On August 15, 2014, Glenna Goldis, Esquire entered her appearance in the Lowell District Court civil matter.

37. At no time did Winn or any attorney representing her file a motion to amend either her answer or her alleged counterclaim to allege with specificity the alleged violations of M.G.L.

c. 93A nor any alleged viable actions pursuant to the Fair Debt Collections Practices Act.

38.  On October 15, 2014, Attorney Glenna Goldis with her co-counsel from the Northeast Justice Center, filed the instant action seeking essentially the same relief against Robert R. White that it was seeking against Trinity EMS, Inc. for the very same facts for the very same plaintiff.

39.  On November 13, 2014, Attorney Glenna Goldis signed a Joint Pretrial Memorandum in the underlying Winn matter.

40.  This memorandum shows the breadth of the issues raised in the complaint and counterclaim in the underlying matter

41.  A true and accurate copy of that Pretrial memorandum is filed herewith as Exhibit 5

42.   On November 21, 2014, over a month after this action was filed, Goldis, on behalf of the plaintiff Ann Winn entered into an agreement for judgment settling the state court civil action as to all claims well knowing the pendency of the instant action.

43.  That agreement for judgment dismissed the counterclaim against Trinity EMS, Inc. ***with prejudice*** in exchange for which the amount of the claim was reduced from $2000.00 to $1200.00. together with the waiver of prejudgment interest from the date of breach and costs  (A true and accurate copy of the agreement for judgment is hereto annexed and incorporated by reference herein as Exhibit 6.)

44.  As to the complaint a judgement was entered for the plaintiff accordingly pursuant to the terms of the agreement for judgment.  (A true and accurate copy of the judgment dismissing the counterclaim is hereto annexed and incorporated by reference herein.)

45.  As to the counterclaim, the judgment was entered accordingly against Ms. Winn as the plaintiff-in-counterclaim and for the defendant-in-counterclaim (Trinity) and against the

defendant and plaintiff in counterclaim (Winn).

46. On or about December 22, 2014, over a month after the substantially identical claims had been dismissed with prejudice, Goldis affixed her signature to the First Amended Complaint naming the very same Ann Winn as a plaintiff in this action knowing her claims to have been settled and dismissed.

47. I believe that Attorney Glenna Goldis' signature on the amended complaint violates Federal Rule of Civil Procedure Rule 11 as to Ann Winn and was also brought in bad faith and for the purpose of harassment prohibited by 15 U.S.C §1692k(3).

48. Like Lannan, upon information and belief, I believe that Winn was solicited by Goldis to participate in the subject action particularly in light of the fact the Winn admits in discovery that she suffered no damages.

49. To the best of my knowledge and belief, while Winn and Lannan have a commonality of interest with Goldis, neither are representatives of similar persons, in similar situations, which they claim to represent.

50. I have reviewed all of the claims, approximately 300, which the purported class action implicates in the purported class action for claims which were entered from October 15, 2013 to October 15, 2014, the FDCPA statutory period.

51. Pursuant to that inquiry, I found exactly three cases (about 1%) where the putative class members had actually paid more that what they would have paid had interest not been later calculated by the clerk's office on the interest incorporated into the small claims complaints. Based upon an average ninety day period from date of filing to the date of the judgment the difference is approximately .115 % .

52. The amounts overpaid *in the aggregate of all proposed class members* was less than

one hundred dollars.  This information has been provided repeatedly to class counsel.

53.  I have made all of my records available to plaintiffs' counsel for the four year statutory period of October 15, 2009 to October 15, 2013 so that class counsel could make the necessary inquiries to determine if any other potential class members had paid more than they would have had the clerks not calculated interest on the interest included in the small claims complaint.

54.  Class counsel have failed to avail themselves of this information.

55.  Written discovery is now closed in this case.  As part of the written discovery, I produced over 6,000 pages of records concerning any and all matters which resulted in some type of monetary transaction during the FDCPA period whether relevant or not.

56.  Upon information and belief, the number of putative class members who had paid more than they would have paid had the clerk not calculated interest on the interest included in the complaint was similar in number and percentage to the one year period which I did investigate as almost all claims take several years for the debtors to pay if they are ever paid in full.

57.  Therefore, class counsel cannot establish that any additional proposed class members have suffered any pecuniary loss resulting from the calculation of interest by the clerk's office.

Signed under the pains and penalties of perjury on October 16, 2015.

                                          Defendant,
                                          Robert R. White

                                          /s/Robert R. White
                                          Robert R. White, Esquire
                                          20 Williams Street
                                          Lowell, MA 01852
                                          Tel:  (978) 454-5751

Fax: 978-459-8558
BBO:#525720

Certificate of Service

I, Gregory P. Turner hereby certify that on October 16, 2015, I served the within document by electronic filing to the plaintiff's attorneys:

Elizabeth Ryan, Esquire
John Roddy, Esquire
Bailey and Glasser
125 Summer Street, Suite 1030
Boston, MA 02110

Charles M. Delbaum, Esquire
Arielle Cohen, Esquire
April Kuehnhoff, Esquire
Northeast Justice Center
7 Winthrop Square, 4th Floor
Boston, MA 02110

Glenna Goldis, Esquire
Northeast Justice Center
79 Merrimack Street, #302
Lowell, MA 01852

**************New Guy