UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL LANNAN and ANN WINN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEVY & WHITE and ROBERT R. WHITE, ESQ.,<br><br>Defendants. | Case No. 1:14-cv-13866 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**

Pursuant to Fed R. Civ. P. 56(c) and Rule 56.1 of this Court's Local Rules, Plaintiffs Carol Lannan and Ann Winn ("Plaintiffs") respectfully submit this Response to the Statement of Material Facts (ECF No. 38) filed by Defendant Robert White in support of his Motion for Summary Judgment.

1. That Robert R. White is an attorney and natural person having an usual address at 20 Williams Street, Lowell, Massachusetts. (White Affidavit, ¶¶ 1-3)

**RESPONSE:**
   Admitted.

2. That I commenced the underlying Lannan small claims action described in ¶20 of the complaint on October 2, 2013, and in any event prior to October 15, 2013. (White Affidavit, ¶¶4-7)

**RESPONSE:**
   Denied in part. Admitted that the Lannan complaint indicates White signed it on October 2, 2013, but regardless, the case was not filed until October 15, 2013. ECF filing 9-3.

3. That the original complaint was filed in the instant action on October 15, 2014. (Docket Entries of this Court)

**RESPONSE:**
    Admitted.


4. That the First Amended Complaint was filed on December 22, 2014. (Docket Entries)

**RESPONSE:**
    Admitted.


5. That the original complaint in this action fails to state when Lannan was served with the underlying Lannan complaint. (Original Complaint)

**RESPONSE:**
    Admitted.


6. That the court served the underlying Lannan complaint on October 15, 2015. (White Affidavit, ¶¶ 8-10, 12, 13)

**RESPONSE:**
    Admitted that, as stated in White's affidavit, ECF filing 35-1, the court mailed the complaint to Lannan on October 15, 2013.


7. That the First Amended Complaint alleged for the first time the date of service of the underlying small claims complaint as October 15, 2013. (#9, ¶21)

**RESPONSE:**
    Denied in part. Admitted that the First Amended Complaint alleged for the first time the date of service of the underlying small claims complaint as on or after October 15, 2013. ECF filing 9.


8. The underlying Lannan small claims matter was reached by the Lowell District Court for hearing on February 24, 2014. (White Affidavit, ¶14)

**RESPONSE:**
    Admitted.


9. Lannan appeared *pro se* at the said small claims hearing. (White Affidavit, ¶14.)

**RESPONSE:**
    Admitted.

10. White conferred with Lannan regarding resolution of the small claims matter. (White Affidavit, ¶15)

**RESPONSE:**
    Admitted.

11. Attorney Goldis disrupted the discussions between myself and Lannan as more fully described at (White Affidavit, ¶¶15-20)

**RESPONSE:**
    Denied.  Lannan had no contact with attorney Glenna Goldis until many months after Lannan appeared in court and "conferred" with White.  Lannan Affidavit ¶¶ 11-12.

12. Lannan voluntarily entered into an Agreement for Judgment in the underlying small claims proceeding on February 24, 2014.

**RESPONSE:**
    Admit that, on February 24, 2014, being unrepresented and in order to obtain a payment plan of $50 per month, Lannan entered into an Agreement for Judgment to pay the debt she was told by White that she owed. Lannan Affidavit ¶ 8.

13. That agreement for judgment set forth the amount due to the creditor in the underlying Lannan matter including principle interest and court costs as alleged in the small claims complaint in the underlying Lannan matter including the same amount of prejudgment interest as set forth in the small claims complaint. (White Affidavit, ¶¶21-23)

**RESPONSE:**
    Denied in part. Admitted that the agreement for judgment contained a single damages figure of $1863.82, the same figure as stated in the small claims complaint filed against Lannan, which included prejudgment interest, but the judgment also included prejudgment interest at 12% assessed on $1863.82, a sum which already included prejudgment interest.  ECF filing 9-4.

14. The Lannan judgment has never been vacated or modified. (White Affidavit, ¶¶24 - 26)

**RESPONSE:**
    Admitted.

15. Neither Lannan nor anybody purporting to represent Lannan have ever communicated with White with respect to the validity of the judgment other than Lannan paying the judgment in full. (White Affidavit, ¶¶24 -26)

**RESPONSE:**
    Admitted, except insofar as this action criticizes the amount of the judgment.


16. The instant action was brought for the purposes of harassment in retaliation for the events described at White Affidavit ¶¶15-20. (White Affidavit, ¶¶27-28)

**RESPONSE:**
    Denied, both on the merits and as to materiality to Defendant's Motion for Summary Judgment.


17. Attorney White represented a creditor of Winn in the underlying Winn small claims matter. (White Affidavit, ¶29)

**RESPONSE:**
    Admitted.


18. Attorney Goldis filed a counterclaim in the underlying Winn small claims action stating the same facts as Winn alleges in this action. (White Affidavit, ¶¶30-34).

**RESPONSE:**
    Admitted that Attorney Goldis filed a counterclaim in the underlying Winn small claims action stating that Trinity Emergency Medical Services had misrepresented the amount owed in the complaint by improperly adding interest, but otherwise denied.  ECF 35-6 at page 3 compared to ECF 9.


19. Winn removed the small claims action to the regular civil docket and discovery was commenced. (White Affidavit, ¶¶30-37)

**RESPONSE:**
    Admitted.


20. While the underlying Winn action was still pending in Lowell District Court, the instant action was commenced on October 15, 2014. (White Affidavit, ¶¶30-38)
**RESPONSE:**
    Admitted.

21. Attorney Glenna Goldis signed a joint pretrial memorandum in the underlying Winn matter further illustrating the breadth of the factual claims brought in that proceeding. (White Affidavit, ¶¶39-41)

**RESPONSE:**
> Admitted that Attorney Glenna Goldis signed a joint pretrial memorandum which speaks for itself. ECF 35-6.

22. The counterclaims identified in the pretrial memorandum are the same as the claims in this action as to Winn. ((White Affidavit, ¶¶30-34, 39 -41)

**RESPONSE:**
> Denied. The claims in this action are against White and also are based on his actions as a debt collector, not a creditor.

22.[sic] On November 21, 2014, Attorney Goldis entered into an agreement for judgment dismissing the counterclaim in the Winn matter with prejudice and without restriction and with all rights of appeal waived. (White Affidavit, ¶¶43-44)

**RESPONSE:**
> Denied, but admitted that Winn entered into such an agreement.

22.[sic] In accordance with the Winn Agreement for Judgment, the Lowell District Court dismissed the counterclaim with prejudice. (White Affidavit, ¶¶43-44)

**RESPONSE:**
> Admitted.

23. On December 22, 2014, in violation of F.R.Civ. P. 11, Attorney Goldis signed the First Amended Complaint renewing the Winn's claims against White which she had voluntary dismissed with prejudice. (White Affidavit, ¶¶46-47)

**RESPONSE:**
> Objection. This is an improper statement of material fact as it is both not relevant to summary judgment and argumentative. Admit that Ms. Goldis was one of the counsel on the First Amended Complaint, filed after the Winn counterclaim was dismissed, but deny that her actions violated Rule 11.

24. Winn's continuation of the matter against White in this matter was brought for the purposes of harrassment as set forth in 15 U.S.C. §1692k(3) (White Affidavit ¶¶47-49)

5

**Response:**
> Objection. This is an improper statement of material fact as it is not relevant to summary judgment, argumentative and based entirely on White's statements of his *beliefs* in his Affidavit. Also denied.

25. The claims in which there was a pecuniary loss resulting from the inclusion of prejudgment interest in the complaint were exactly three in number out of approximately 300 claims in other words, less that one percent of the total claims for the one year period prior to the filing of the instant action. (White Affidavit, ¶50)

**Response:**
> Objection. This is an improper statement of material fact in that it is irrelevant to the individual summary judgment motions before the court.

26. The difference in the amount of the judgment resulting from the alleged interest on interest is approximately .115 % in other words a little more over one tenth of one percent of the total judgment amount. (White Affidavit, ¶51)

**Response:**
> Objection. This is an improper statement of material fact in that it is irrelevant to the individual summary judgment motions before the court.

27. The total amount of payments attributable to the inclusion of interest in the small claims complaint for the three claims was less than one hundred dollars (White Affidavit, ¶52)

**Response:**
> Objection. This is an improper statement of material fact in that it is irrelevant to the individual summary judgment motions before the court.

28. Class counsel has failed to avail themselves of the opportunity to review White's records of payments related to the four year statutory period for the proposed 93A class.(White Affidavit, ¶53-55)

**Response:**
> Objection. This is an improper statement of material fact in that it is irrelevant to the individual summary judgment motions before the court.

29. The percentage of persons suffering pecuniary loss as a result of the inclusion of prejugment interest in the affected small claims during the four year statutory period for the proposed 93A class is about the same as for the one year period. (White Affidavit, ¶56)

**Response:**
> Objection. This is an improper statement of material fact in that it is irrelevant to the individual summary judgment motions before the court.

30. Without having ever reviewed these records, and with discovery now closed, the class representatives cannot establish whether or not any of the proposed class members suffered any pecuniary losses.

**Response:**
> Objection. This is an improper statement of material fact in that it is irrelevant to the individual summary judgment motions before the court.

Dated:  November 10, 2015

                                    Respectfully submitted,

                                    */s/ Charles M. Delbaum*
                                    Charles M. Delbaum (BBO # 543225)
                                    April Kuehnhoff (BBO # 676230)
                                    National Consumer Law Center
                                    7 Winthrop Square, 4th Floor
                                    Boston, Massachusetts 02110
                                    (617) 542-8010
                                    (617) 542-8028 (facsimile)
                                    cdelbaum@nclc.org
                                    akuehnhoff@nclc.org

                                    Elizabeth Ryan (BBO # 549632)
                                    John Roddy (BBO # 424240)
                                    Bailey & Glasser LLP
                                    99 High Street, Suite 304
                                    Boston, MA 02110
                                    (617) 439-6730
                                    (617) 951-3954 (facsimile)
                                    eryan@baileyglasser.com
                                    jroddy@baileyglasser.com

                                    Ethan Horowitz (BBO # 674669)
                                    Managing Director
                                    Northeast Justice Center
                                    50 Island Street, Ste. 203B
                                    Lawrence MA 01840
                                    (978) 888-0624
                                    (978) 323-0124 (facsimile)
                                    ehorowitz@njc-ma.org

                                    *Attorneys for Plaintiffs and Proposed Class*

**Response:**
> Objection. This is an improper statement of material fact in that it is irrelevant to the individual summary judgment motions before the court.

30. Without having ever reviewed these records, and with discovery now closed, the class representatives cannot establish whether or not any of the proposed class members suffered any pecuniary losses.

**Response:**
> Objection. This is an improper statement of material fact in that it is irrelevant to the individual summary judgment motions before the court.

Dated:  November 10, 2015

                                    Respectfully submitted,

                                    */s/ Charles M. Delbaum*
                                    Charles M. Delbaum (BBO # 543225)
                                    April Kuehnhoff (BBO # 676230)
                                    National Consumer Law Center
                                    7 Winthrop Square, 4th Floor
                                    Boston, Massachusetts 02110
                                    (617) 542-8010
                                    (617) 542-8028 (facsimile)
                                    cdelbaum@nclc.org
                                    akuehnhoff@nclc.org

                                    Elizabeth Ryan (BBO # 549632)
                                    John Roddy (BBO # 424240)
                                    Bailey & Glasser LLP
                                    99 High Street, Suite 304
                                    Boston, MA 02110
                                    (617) 439-6730
                                    (617) 951-3954 (facsimile)
                                    eryan@baileyglasser.com
                                    jroddy@baileyglasser.com

                                    Ethan Horowitz (BBO # 674669)
                                    Managing Director
                                    Northeast Justice Center
                                    50 Island Street, Ste. 203B
                                    Lawrence MA 01840
                                    (978) 888-0624
                                    (978) 323-0124 (facsimile)
                                    ehorowitz@njc-ma.org

                                    *Attorneys for Plaintiffs and Proposed Class*

**Certificate of Service**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on November 10, 2015.

                                        */s/ Charles M. Delbaum*
                                        Charles M. Delbaum

: