UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL LANNAN and ANN WINN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEVY & WHITE and ROBERT R. WHITE, ESQ., | Case No. 1:14-cv-13866<br><br><br><br>PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

**I. INTRODUCTION**

Plaintiffs Carol Lannan and Ann Winn respectfully submit this memorandum in support of their Motion for Final Approval of the parties' proposed settlement of this class action. The Settlement Agreement provides that Defendant Robert White will cease the practices for which he was sued in this litigation, and also that a $30,000 settlement fund that will be used for payments to the class members, costs of notice and settlement administration, and incentive awards and damages for the named plaintiffs. In return, the Agreement provides that members of the class who do not exclude themselves from the settlement will release their claims against Defendant. As set forth more fully below, Plaintiffs respectfully submit that the settlement is

1

"fair, reasonable and adequate" within the meaning of Fed. R. Civ. P. 23(e)(2), and should be approved because:

>(1) it was reached only after counsel for the parties had conducted sufficient discovery and motion practice to enable them to assess the relative merits of the case and the potential risks and rewards that would be associated with continued litigation;
>
>(2) it is the product of arm's length negotiations between able and experienced counsel;
>
>(3) it will provide immediate and certain monetary relief for the members of the class in amounts that are more than half the amount that could be obtained upon complete success in the litigation, and will eliminate the delay, risks and additional expense that the members of the class otherwise would face but for the settlement; and
>
>(4) it has been well received by the class as evidenced by the fact that no class member objected to the settlement and only one member elected to opt out of the settlement.

## II. BACKGROUND AND HISTORY OF NEGOTIATIONS

### A. Litigation History

The Class Representatives filed this class action complaint against Defendant on October 15, 2014, *Carol Lannan and Ann Winn v. Levy & White and Robert R. White,* Case No. 1:14-cv-13866-IT, alleging, *inter alia*, certain violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.,* and Chapter 93A, with respect to (1) improperly seeking and collecting prejudgment interest from the date of ambulance service instead of from the date of billing for the services; and also (2) lumping undifferentiated prejudgment interest into the amount sought in Small Claims Court Statements of Claim. This Court granted Class Certification and Partial

Summary Judgment to the named Plaintiffs. Defendant, however, continues to deny liability, that a class action is warranted, or that damages are appropriate.

**B. The Parties' Negotiations**

The parties have conducted arm's-length negotiations to resolve this matter. Initially, they received the able assistance of Hon. Jennifer Boal in an in-person mediation session. Mediation statements were submitted prior to the mediation. Many of the issues separating the parties were bridged, but it appeared that a complete resolution could not be reached, and the matter was returned to this Court's litigation docket. Nevertheless, the parties continued settlement discussions thereafter, resulting in the Settlement Agreement previously submitted herein.

**III. THE PROPOSED SETTLEMENT**

The full terms of settlement are set forth in Plaintiff's Memorandum in Support of Preliminary Approval, Doc 92 at 3-4. In brief, the Settlement provides for the creation of a $30,000 Settlement Fund and cessation of the practices that this Court found improper when it granted Partial Summary Judgment for Plaintiffs. Defendant has furnished the payment for this Fund to the Settlement Administrator, American Legal Claim Services. After payment of notice and administration costs estimated to be approximately $10,150 (Dec. of ALCS, Exh. 1 ¶12), reimbursement of counsel for the filing fee of $400, and statutory damages and/or service awards to the named plaintiffs totaling a *maximum* of $3,000, as may be approved by this Court, each Settlement Class Member will receive a pro-rata share of the remaining funds estimated to be $8.00.

If approved by this Court, any funds remaining from uncashed checks following distribution to the class will not be returned to Defendant but will be paid to Northeast Legal Aid Society as a cy pres recipient, as explained under "No Reverter," *infra*.

### A. Notice and Administration of the Settlement.

The Settlement provided for the appointment of a professional Settlement Administrator to notify the class of the proposed settlement and of their rights with respect to the settlement, and to distribute the settlement funds to members of the class who do not elect to opt out of the settlement  The parties selected and this Court approved American Legal Claim Services, an experienced and capable Settlement Administrator. Exhibit 2 is a declaration of the Administrator attesting to the duties ALCS has performed and the results of the notice campaign.

### B. No Reverter.

No part of the Settlement Fund will revert to the Defendant. Any check issued to a Settlement Class Member that is not negotiated within 180 days of issuance shall be deemed to be an "uncashed check," and the value of that check shall be added to the unclaimed funds. If approved by this Court pursuant to the *cy pres* doctrine, all unclaimed funds will be paid to Northeast Legal Aid, a non-profit provider of legal services to low-income individuals in the area in which Defendant practices.

### C. Release and Dismissal.

Only one class member excluded themselves from the settlement.  All remaining Settlement Class Members will release all Settled Claims against the Defendant and this action shall be dismissed with prejudice.

**D. Attorneys' Fees and Costs and Incentive Awards to the Class Representative.**

The Settlement provides that Class Counsel will neither apply for nor receive an award of attorney fees – from the Settlement Fund or otherwise – but will be reimbursed $400 for the filing fee they advanced. The Settlement further provides that Class Counsel will apply to the Court for an award of up to $1,500 for each of the two named plaintiffs.

Under the FDCPA's class action damages provision, the class representatives are each eligible for an award of up to $1,000 in statutory damages. k(a)(2)(B)(i). In addition, they should be awarded service awards or incentive payments to compensate them for the expenditure of time and the expense or risk they have incurred in conferring a benefit on other members of the class. *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005). Here, the named Plaintiff spent considerable time and effort participating in interviews with counsel, locating and providing documents, participating in discovery, appearing in person at the mediation session, and discussing and approving the subsequent settlement. Comparisons with incentive awards in other class action settlements demonstrate that this amount is reasonable and fair. In fact, even apart from a component for FDCPA statutory damages, the incentive awards requested here are modest in relation to awards approved for class representatives in other cases in this circuit. See, e.g., Puerto Rican Cabotage, 815 F. Supp. 2d at 468-9 (approving payment of $8,000 for each of six plaintiffs, even though none had been deposed or subjected to discovery requests); Relafen, 231 F.R.D. at 82 (approving incentive awards in the range of $8,000 to $14,000 for three categories of named plaintiffs); Bussie v. Allamerica Fin. Corp., No. Civ.A. 97-40204-NMG, 1999 WL 342042, *3 (D. Mass. May 19, 1999) (approving incentive awards in the amount of $5,000 each for four named plaintiffs in 1999).

**IV. THE PRELIMINARY APPROVAL ORDER AND PROCEEDINGS PURSUANT THERETO**

Plaintiffs moved for preliminary approval of the settlement and the Court granted the motion on September 19, 2016 (Docs. 95). The Preliminary Approval Order: (a) preliminarily approved the settlement as fair, reasonable and adequate; (b) conditionally certified that the class satisfies the requirements for certification under Fed. R. Civ. P. 23(a) and (b)(3); (c) appointed a settlement administrator and directed it to notify the class of the settlement and of their rights with respect to the settlement, including their right to exclude themselves from and/or object to the settlement; (d) approved the form of the notice to be issued to the class; (e) scheduled a hearing to further consider the fairness of the settlement and to consider Class Counsel's application for reimbursement of the filing fee and awards to the class representatives; and (f) established deadlines for Class Counsel to submit papers in support of final approval of the settlement.

**V. CLASS MEMBERS RECEIVED ADEQUATE NOTICE OF THE SETTLEMENT**

The Court previously approved the form and substance of the notice that was used to notify class members of the pendency of this class action, and found that the parties' plan to distribute the notice to all class members by first class mail constituted the best notice practicable and was reasonably calculated to apprise the members of the class of their rights with respect to the proposed settlement. As shown below, American Legal Claims Service ("ALCS"), the Settlement Administrator, has distributed the notice to the members of the class in accordance with the notification plan approved by the Court.

The Defendant provided the Settlement Administrator with the class data for potential class members. Dec. of ALCS, Exh. 1 ¶3. The Settlement Administrator determined that there were 2,054 class members, and then updated class members' addresses using the National

Change of Address database. *Id*. ¶¶3, 5.  On December 2, 2016, the Settlement Administrator mailed the postcard notice to all class members by first class mail. *Id*. at ¶4. The Settlement Administrator then processed returned notices in order to obtain updated addresses for as many class members as reasonably possible. *Id*. ¶ 5. All told, of the 2,054 Notices mailed to Class members, 1964 (or approximately 95.6 %) class members presumptively received individual notice of the proposed settlement by mail. *Id*. at ¶¶6-8.

The Settlement Administrator also established a case-specific website -- www.RobertWhiteLitigation.com -- from which visitors could download copies of the Full Notice previously approved by this Court, the Settlement Agreement, the Order preliminarily approving the settlement, and Frequently Asked Questions. *Id*. at ¶9.

**VI. THE SETTLEMENT AGREEMENT IS FAIR, ADEQUATE AND REASONABLE**

"A district court can approve a class action settlement only if it is fair, adequate and reasonable." *City P'ship. Co. v. Atl. Acquisition*, 100 F.3d 1041, 1043 (1st Cir. 1996), quoting *Durrett v. Hous. Auth. of City of Providence*, 896 F.2d 600, 604 (1st Cir. 1990). "Approval is to be given if a settlement is untainted by collusion and is fair, adequate, and reasonable*." In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 93 (D. Mass. 2005).

"When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of the settlement." *Id*. at 93, quoting *City P'ship*, 100 F.3d at 1043. While the First Circuit has not established a formal protocol for assessing the fairness of a settlement, this Court has identified the following factors that may be considered in conducting such an assessment: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of

discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery in light of all the attendant risks of litigation. *Id*. at 94, citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir.1974), overruled on other grounds, *Missouri v. Jenkins*, 491 U.S. 274 (1989). These factors favor approval of the settlement in this case.

It is also important to note that Class Counsel believe the Settlement is fair, reasonable and adequate. "When the parties' attorneys are experienced and knowledgeable about the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight." *Rolland*, 191 F.R.D. at 10, citing *Bussie v. Allmerica Financial Corp.*, 50 F.Supp.2d 59, 77 (D. Mass. 1999); *accord In re Compact Disc Litig.*, 216 F.R.D. at 212. Class Counsel submitted their resumes in connection with Plaintiffs' Motion for Preliminary Approval and Conditional Class Certification. As detailed there, Charles Delbaum and Elizabeth Ryan in particular have decades of experience prosecuting complex litigation, including consumer class actions. All class counsel believe the settlement is without doubt fair, reasonable and adequate.

1. **The Complexity, Expense and Likely Duration of the Litigation.**

But for the settlement, a jury trial on damages would be needed before this case is resolved finally. The time and expense of such a trial and the possibility of a *pro se* appeal by the Defendant-attorney support approval of the settlement.

## 2. The Reaction of the Class to the Settlement.

"The number of requests for exclusion from the settlement, as well as the number and substance of objections filed, is relevant to this Court's analysis of the settlement." *Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999). A small percentage of objections and requests for exclusions constitutes strong evidence of the fairness of a proposed settlement and supports judicial approval of the settlement. Id. Here, only 1 individual out of a class of 2,054, or approximately 0.05 % of the class, requested to be excluded from the settlement. Affidavit of ALCS ¶10. No class member has objected to the settlement. *Id.* ¶11. The de minimis number of opt outs and complete lack of objections is evidence that the settlement is fair and should be approved.

## 3. The Advanced Stage of the Proceedings and the Significant Amount of Discovery Completed.

"The stage of the proceedings at which settlement is reached is important because it indicates how fully the district court and counsel are able to evaluate the merits of plaintiffs' claims." *Duhaime v. John Hancock Mut. Life Ins. Co.*, 177 F.R.D. 54, 67 (D. Mass. 1997) (citation omitted). This factor supports approval of settlements where the parties have conducted sufficient discovery and motion practice to enable them to evaluate the merits of the case. *Rolland v. Celluci*, 191 F.R.D. 3, 10 (D. Mass. 2000) (finding the plaintiff had conducted sufficient discovery to assess the merits of the action and to negotiate a principled compromise where "virtually all discovery was complete at the time the parties commenced mediation."); *Greenspun v. Bogan*, 492 F.2d 375, 378 (1st Cir. 1974) (same, although only two depositions had been taken); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 211 (approving settlement reached after consolidated cases were in the final stages of motions

for summary judgment and class certification); *In re Relafen Antitrust Litig.,* 231 F.R.D. 52, 73 (D. Mass. 2005) (finding motion practice that included motions to dismiss, for summary judgment and for class certification constituted sufficient litigation to allow the parties to assess the merits of the case and reach an appropriate compromise).

Here, Class Counsel conducted sufficient discovery, research and motion practice to enable them to have the class certified, obtain partial summary judgment and also assess the potential risks and rewards associated with settling the case versus continuing to prosecute it.

**4-6. The Risks of Obtaining Class Certification and Establishing Liability and Damages.**

The only issue remaining for trial was the amount of damages. Statutory damages for a class under the FDCPA are limited to a *maximum* of 1% of the Defendant's net worth or $500,000, whichever is less. Defendant's Mediation Statement included a long list of his assets and liabilities. ECF # 84. Based on these representations and informal discovery, Plaintiffs concluded that Defendant's net worth was, at best, approximately $400,000. Statutory damages under MA Ch. 93A are limited to $25 per person, so with 2,054 class members, the maximum recovery on the state law claim would be $51,350. Thus the total potential recovery is $55,350. The $30,000 settlement payment is about 54% of the maximum recovery the class could obtain if successful at trial.

**7. The Ability of the Defendant to Withstand a Greater Judgment.**

The Defendant in this case has threatened to file for bankruptcy. This is clearly a credible threat, as shown by the statement of his financial circumstances that he filed in connection with the mediation. ECF # 84. His assets are limited, and many are of uncertain value, not liquid

and/or encumbered. It is for this reason that class counsel have waived their claim for attorney fees for their work in this matter despite a combined lodestar of approximately $200,000.

In addition, Defendant has threatened to appeal any final adverse judgment. Inasmuch as he is an attorney, the threat has to be considered credible, and would clearly entail substantial delay (and at least some risk).

**8. The Settlement Is Very Reasonable in Light of the Best Possible Recovery and All of the Attendant Risks of Litigation.**

"In applying this test of reasonableness, 'the present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, should be compared with the amount of the proposed settlement.'" *In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. at 97, quoting *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.,* 55 F.3d 768, 806 (3d Cir. 1995). In making this assessment, "[t]he evaluating court must ... guard against demanding too large a settlement based on its view of the merits of the litigation; after all, settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." Id. at 98, quoting *In re General Motors Corp.,* 55 F.3d at 806. As noted above, the settlement amount is 54% of the maximum possible recovery, and it is payable now, not years from now.

Such a recovery is far more favorable to the class than many recoveries that have been approved as fair, reasonable and adequate by this Court and others. See, e.g., *Nichols v. SmithKline Beecham Corp.*, No. 00-cv-6222, 2005 WL 950616 (D. Mass. Apr. 22, 2005) (approving as fair, reasonable, and adequate a settlement that totaled between 9.3% and 13.9% of the potential recovery); *In re Cendant Corp. Sec. Litig.*, 109 F.Supp.2d 235, 264 (D. N.J. 2000)

11

(citing settlements that were approved in several securities class actions in amounts "between 1.6% and 10% of damages").

Moreover, Defendant has agreed to important "Injunctive Relief," as stated in Section 2.02 of the Settlement Agreement:

      a. In any Statement of Small Claim in which Defendant seeks from thedebtor more than the amount owed at the time of breach plus cost of filing,Defendant will state as a separate figure the amount allegedly owed at the time ofbreach. This figure will not include interest of any kind -- contractual or statutory.Defendant may, however, also explicitly request in the Statement of Claim that thecourt award whatever interest Defendant believes is owed on the alleged debt-- atthe contract rate or the statutory rate --but this must be a separate request.

      b. In cases in which Defendant seeks prejudgment interest for servicesprovided by a creditor other than under a contract (which term does not include"quasi-contracts" or quantum meruit claims) Defendant will not seek such interestfor any period of time prior to the date the bill for such services was rendered to thepatient.

      c. Defendant will review all judgments previously obtained to determine whether "interest on interest" was added by the Clerk, and if so, will eliminate this additional interest from the account balance for the debtor.

## VII. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Final Approval of the Class Action Settlement should be granted.

                                              Respectfully submitted,

                                              */s/ Charles M. Delbaum*
                                              Charles M. Delbaum (BBO # 543225)
                                              April Kuehnhoff (BBO # 676230)
                                              National Consumer Law Center
                                              7 Winthrop Square, 4th Floor
                                              Boston, Massachusetts 02110
                                              (617) 542-8010
                                              (617) 542-8028 (facsimile)
                                              cdelbaum@nclc.org

akuehnhoff@nclc.org

Elizabeth Ryan (BBO # 549632)
John Roddy (BBO # 424240)
Bailey & Glasser LLP
99 High Street, Suite 304
Boston, MA 02110
(617) 439-6730
(617) 951-3954 (facsimile)
eryan@baileyglasser.com
jroddy@baileyglasser.com

Ethan Horowitz (BBO # 674669)
Managing Director
Northeast Justice Center
50 Island Street, Ste. 203B
Lawrence MA 01840
(978) 888-0624
(978) 323-0124 (facsimile)
ehorowitz@njc-ma.org

*Attorneys for Plaintiffs and the Class*

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

*/s/ Charles M. Delbaum*
Charles M. Delbaum